NOT DESIGNATED FOR PUBLICATION

Nos. 118,767
118,962

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADEN LANCE SCHMIDT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed August 17, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Braden Lance Schmidt appeals the district court's decision to revoke his probation and impose his underlying prison sentences in two cases. We granted Schmidt's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not file a response. After a review of the record, we affirm the district court.

In 16 CR 656, Schmidt pled no contest to burglary of a motor vehicle and interference with law enforcement, both felonies. On August 26, 2016, he was sentenced to 16 months in prison but was placed on probation from that sentence for 12 months.

1

However, roughly a month later, Schmidt committed another burglary of a motor vehicle and was charged with this crime in a new case, 16 CR 948. On March 10, 2017, Schmidt pled no contest to this new offense, but despite having committed a new crime while on probation and as part of a plea agreement with the State, the district court placed Schmidt back on probation in 16 CR 656. Schmidt was sentenced in his new case, 16 CR 948, on May 19, 2017, to 10 months in prison, to run consecutive to his sentence in 16 CR 656, and placed on probation for 12 months.

On May 31, 2017, the State again alleged new probation violations, which were subsequently amended to include allegations that on June 16, 2017, Schmidt had committed new crimes which included theft, burglary of a motor vehicle, and interference with law enforcement, all felonies, in 17 CR 657. On September 22, 2017, Schmidt pled no contest in 17 CR 657 to felony theft. As a result of this conviction, Schmidt's probation was revoked on November 3, 2017, in 16 CR 656 and 16 CR 948, and he was ordered to serve his original prison sentences in those cases. Schmidt was also sentenced to prison for 10 months in 17 CR 657.

On appeal, Schmidt argues that the district court erred in revoking his probation and imposing his underlying prison sentences in 16 CR 656 and 16 CR 948. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Schmidt bears the burden to show an abuse of discretion by the district court. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions. One of these exceptions allows the district court to revoke probation if the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed that the district court based its finding that Schmidt violated the terms of his probation when he pled no contest to the new crime. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentences. As Schmidt fails to persuade us that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion.

Affirmed.